**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**SONYA ANGEL**
**A/K/A SONYA ANGEL-LONZANO**

**Plaintiff,**

**v.** **No. 2013-CV-00499 RHS/LAM**

**ROBERT MARTINEZ,**
**NEW MEXICO CORRECTIONS DEPARTMENT**
**OF PROBATION AND PAROLE**
**AND STATE OF NEW MEXICO**

**Defendants.**

**STIPULATED PROTECTIVE ORDER**

**THIS MATTER** is before the Court on the Parties' ***Stipulated Motion for Protective Order*** *(Doc. 39)*, filed December 17, 2013.

**IT IS HEREBY STIPULATED** by and between Plaintiff Sonya Angel and Defendants New Mexico Corrections Department, Probation and Parole, the State of New Mexico and Robert Martinez, (collectively referred to as the Parties), through their respective attorneys of record, as follows:

**WHEREAS**, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendant and/or personal income, credit, medical and other confidential information of Plaintiff and Defendant Martinez.

**THEREFORE**, an Order of this Court protecting such confidential information shall be and hereby is entered by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may

not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a Court order or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the Declaration of Compliance, which is attached hereto as Exhibit A.

7. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

9. The individual parties' Social Security numbers are hereby designated as "Confidential." The Parties shall redact all parties' Social Security numbers from any documents that the Parties file with the Court or introduce in any proceeding, unless such documents are filed with the clerk under seal in accordance with paragraph 3 above.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be destroyed or returned to the individual or entity having produced or furnished same. If either party elects to destroy confidential information rather than to return such information, that party shall send written verification that the documents have in fact been destroyed.

12. This Order does not compromise any Party's ability to challenge the designation of any document as confidential. There shall be no presumption of confidentiality. Further, a party's designation of any material or testimony as confidential shall in no way relieve the designating party of its burden to prove the confidential nature of the material or testimony to the Court. However, the designated status of such information shall be preserved pending the disposition of the motion.

13. If the Parties cannot in good faith resolve the objections to the designation of any document as confidential, the party objecting to the designation of confidentiality shall file a

motion challenging the designation of confidentiality. If any Party challenges any other Party's designation of any document as confidential, the Party that designated the document as confidential has the burden to show that the document is confidential and deserving of the protection of this order or any other protective order.

14. In the event of an inadvertent failure to designate information as "Confidential" at the time of production, the designating party shall, within 14 days of discovering the inadvertent failure, serve notice of the documents to be designated as confidential.

15. Within 10 days of the entry of this Order, any Party can designate a previously produced document as Confidential by providing all counsel with a list of the previously produced confidential documents.

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

17. This protective order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

**IT IS SO ORDERED.**

Lourdes A. Martínez
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

Submitted by: ***(Prior to the Court's modifications)***

**FRENCH & ASSOCIATES, P.C**
**ATTORNEYS AT LAW**

By: /s/ Stephen G. French - *Electronically signed*
STEPHEN G. FRENCH
500 Marquette Avenue, NW, Ste. 500
Albuquerque, NM 87102
(505) 843-7075 / (505) 243-3482 fax
sfrench@frenchlawpc.com
Attorney for Defendant NM Corrections
Department of Probation and Parole and
State of New Mexico

**MUCCI LAW OFFICE**

By: /s/ Thomas J. Budd Mucci - - *Electronically signed*
THOMAS J. BUDD MUCCI
504 14th Street, NW
Albuquerque, NM 87104
(505) 247-2211

**BRUSUELAS & ASSOCIATES, P.C.**

By: /s/ Kimberly Brusuelas - *Electronically signed*
KIMBERLY BRUSUELAS
1015 5th Street, NW
Albuquerque, NM 87102
(505) 247-9333
Attorney for Plaintiffs

**NARVAEZ LAW FIRM, P.A.**

*Electronically signed*

By: /s/Henry Narvaez - *Electronically signed*
HENRY NARVAEZ
PO Box 25967
Albuquerque, NM 87125
(505) 248-0500
Attorney for Defendant Robert Martinez

**Exhibit A**

**DECLARATION OF COMPLIANCE**

I, ______________________________________ , declare as follows:

l. My address is _________________________________________________.

2. My present employer is __________________________________________.

3. My present occupation or job description is __________________________.

4. I have received a copy of the Stipulated Protective Order entered in this action on _______________, 2013.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating thereto, which documents are the subject of the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this Action.

I declare under penalty of perjury under the laws of the United States that the following is true and correct.

Executed this _____ day of ___________, 2013 at _________________.

_____________________________
QUALIFIED PERSON