IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SONYA ANGEL,**
**A/K/A SONYA ANGEL-LOZANO,**

    **Plaintiff,**

v.                                                           No. CIV-13-0499 RHS/LAM

**ROBERT MARTINEZ, et al.,**

    **Defendants.**

## **ORDER DENYING MOTION FOR PROTECTIVE ORDER**

    **THIS MATTER** is before the Court on Defendants New Mexico Corrections Department's and State of New Mexico's (hereinafter "Defendants") motion for protective order, filed March 6, 2014. [*Doc. 62*]. Having considered the motion, record of the case, and relevant law, the Court **FINDS** that the motion is not well-taken and will be **DENIED**.

    In the motion, Defendants ask the Court to enter a protective order pursuant to Fed. R. Civ. P. 26(c)(1) to protect the Cabinet Secretary for the New Mexico Corrections Department, Greg Mercantel, from having to appear at a deposition noticed for March 11, 2014. *See* [*Docs. 62* and *62-3*]. As grounds for the motion, Defendants state that "[c]ounsel for Defendant has attempted to contact Secretary Mercantel regarding his availability, and have been unable to confirm that he is available for his deposition on March 11, 2014." *Id.* at 2.

    At the outset, the Court notes that Defendants failed to comply with the Court's local rule that the "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a).

Defendants also failed to comply with the requirement in Fed. R. Civ. P. 26(c)(1) that a motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." From reading the attachments to the motion, it appears that Defendants alerted Plaintiff of their intent to file a motion for protective order on February 11, 2014, and again on March 5, 2014, and it can be assumed that, if Plaintiff had agreed to the relief requested in the correspondence, the motion would not have been filed. *See* [*Doc. 62-4*] and [*Doc. 62-6* at 1] (March 5, 2014 e-mail from Plaintiff's counsel to Defendants' counsel stating that she understands the motion for protective order would be due by the end of the day and explaining that she would be unable to move the March 11, 2014 deposition date). In the interests of efficiency, the Court will consider the motion despite Defendants' failures to follow the rules regarding conferring with other parties, but reminds counsel for Defendants to provide a recitation of a good-faith request for concurrence in future motions.

Secretary Mercantel's deposition was noticed on February 11, 2014, pursuant to Fed. R. Civ. P. 30 and 45, to take place on March 11, 2014. [*Doc. 62-3*]. On February 11, 2014, counsel for Defendants sent an e-mail to Plaintiff's counsel stating that it was their position that Secretary Mercantel did not have any direct involvement with this case, so "the taking of his deposition is improper, and we will file a Motion for Protective Order and Notice of Unavailability on his behalf." [*Doc. 62-4* at 1]. On March 5, 2014, counsel for Defendants sent a letter to Plaintiff's counsel stating again that Secretary Mercantel did not have any direct involvement in the case and that they would be filing a motion for a protective order and a notice of unavailability. [*Doc. 62-5* at 2]. Defendants state that during a telephone conversation and subsequent e-mail on March 5, 2014, counsel for Plaintiff referred to several e-mails produced in the case to support her

position that Secretary Mercantel had direct involvement in the case, and that "[c]ounsel for Defendant has reviewed these emails and concede[s] that Secretary Mercantel had some direct involvement in the case." [*Doc. 62* at 2].

The Court finds that Defendant's motion for protective order is without merit. Defendants point to no rule or case that requires a party to explain a deponent's role in a case prior to the deponent agreeing to appear for a deposition. Federal Rule of Civil Procedure 30 sets forth the information required in a notice of deposition, and it does not require that a party's direct involvement must be demonstrated prior to the deposition taking place. Moreover, pursuant to Fed. R. Civ. P. 26(c)(1), the Court may issue a protective order to protect a party or person "from annoyance, embarrassment, oppression, or undue burden or expense," none of which are mentioned by Defendants as to why Secretary Mercantel should be protected from attending his deposition. When Plaintiff's counsel sent a notice on February 11, 2014 for Secretary Mercantel's deposition to take place on March 11, 2014, counsel for Defendant should have immediately notified Secretary Mercantel of the deposition date and his obligation to attend. Instead, Defendants' counsel threatened to file a motion for a protective order, which was not filed until March 6, 2014, only two business days before the scheduled deposition, and its only grounds are that counsel for Defendant does not know if Secretary Mercantel will be available on the deposition date. The Court finds that it is poor practice to wait until two business days prior to a scheduled deposition to file a motion for protective order, especially since counsel for Defendants has known of Plaintiff's intention to take Secretary Mercantel's deposition since at least January 28, 2014 (*see Doc. 62-1* at 2), and the deposition has been scheduled since February 11, 2014. The Court notes that, under Local Rule 30.2, a party's failure to appear at a deposition "may be regarded as a willful failure to appear pursuant to Fed. R. Civ. P. 37(d) or

contemptible conduct pursuant to Fed. R. Civ. P. 45([g])[1] . . . unless a motion for protective order and a notice of non-appearance are served *at least* seven (7) days before the scheduled deposition" (emphasis added).  Clearly, Defendants' motion was not served at least seven days before the scheduled deposition.  The Court, therefore, will deny Defendants' motion for protective order and cautions counsel for Defendants that, if Secretary Mercantel does not appear at the scheduled deposition, regardless of Defendants' *Amended Notice of Unavailability* [*Doc. 64*], he may face sanctions under either of these rules.

**IT IS THEREFOER ORDERED** that Defendants' motion for protective order [*Doc. 62*] is **DENIED.**

**IT IS SO ORDERED**.

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] As of December 1, 2013, Rule 45(e) is now Rule 45(g).