IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SONYA ANGEL,**
**A/K/A SONYA ANGEL-LOZANO,**

       **Plaintiff,**

**v.**                                            **No. CIV-13-0499 RHS/LAM**

**ROBERT MARTINEZ, et al.,**

       **Defendants.**

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL [*Doc. 80*]

**THIS MATTER** is before the Court on *Plaintiff's Motion to Compel Testimony and Discovery Responses From Defendant Robert Martinez (Doc. 80)*, filed May 30, 2014. Defendant filed a response to the motion to compel on June 13, 2014 [*Doc. 84*], and Plaintiff filed a reply on June 27, 2014 [*Doc. 85*]. This case involves allegations that Plaintiff's rights under 42 U.S.C. § 1983 and the New Mexico Tort Claim Act were violated when she was under the supervision of the New Mexico Corrections Department of Probation and Parole and its former employee, Defendant Martinez. Having considered the motion to compel, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion to compel shall be **GRANTED in part** and **DENIED in part**.

In her motion to compel, Plaintiff states that, in response to discovery requests and at his deposition, Defendant Martinez invoked a blanket fifth amendment privilege, refusing to provide a specific basis for each objection. [*Doc. 80* at 1]. Plaintiff contends that "Defendant Martinez's

blanket assertion contravenes federal law and presents grounds for an adverse inference and caused unnecessary expenditures of both time and money for Plaintiff." *Id.* Plaintiff contends that Defendant Martinez failed to explain or describe the basis of his assertion of the privilege (*id.* at 2), and that many of the questions asked of Defendant Martinez do not incriminate him (*id.* at 3). Therefore, Plaintiff contends that Defendant Martinez improperly asserted the Fifth Amendment privilege. *Id.* In addition, Plaintiff contends that Defendant Martinez may have waived his right to invoke the Fifth Amendment because he spoke with his supervisor and to a detective about the facts which form the basis for this lawsuit. *Id.* Plaintiff states that, "if the Court permits Defendant Martinez to proceed with a blanket assertion of the Fifth Amendment, an adverse inference would be appropriate." *Id.* at 5. Plaintiff asks the Court to: (1) order Defendant Martinez to respond to Plaintiff's first Set of Interrogatories and Requests for Production; and (2) preside over a deposition of Defendant Martinez "so that the court can determine whether Defendant Martinez's exercise of the Fifth Amendment is lawful." *Id.*

In response, Defendant Martinez states that, due to the criminal nature of Plaintiff's allegations that he raped her while she was under his supervision as a probation officer, he has been advised to exercise his Fifth Amendment right against self-incrimination. [*Doc. 84* at 2]. Defendant Martinez contends that Plaintiff has accepted Defendant Martinez' objections to Plaintiff's discovery requests because Plaintiff's motion to compel was filed more than 21 days after service of the objections. *Id.* at 3. In addition, Defendant Martinez contends that he did not invoke a blanket assertion of the Fifth Amendment at his deposition, but, instead, properly invoked his Fifth Amendment privilege in response to each of the questions posed to him. *Id.* at 4.

Defendant Martinez contends that he is not required to provide a basis for invoking the Fifth Amendment privilege due to the criminal nature of the allegations against him. *Id.* Defendant Martinez further states that he has not waived his Fifth Amendment right based on the unsworn, out-of-court statements made to his supervisor and a detective prior to the filing of this lawsuit. *Id.* at 5. Defendant Martinez also contends that the imposition of an adverse inference is improper before trial, so Plaintiff's request is premature. *Id.* at 6.

In reply, Plaintiff contends that Defendant Martinez' invocation of his Fifth Amendment privilege at his deposition was improper because he failed to answer any questions, even non-substantive questions. [*Doc. 85* at 2]. Plaintiff further states that Defendant Martinez' use of the privilege is improper because he has not indicated that he is under any criminal investigation or that any criminal charges are pending in regard to Plaintiff's allegations. *Id.* at 2-3. Finally, Plaintiff contends that her motion to compel is not untimely as to Defendant's discovery responses because she filed the motion within the deadline set by the Court for motions relating to discovery in the Court's Scheduling Order. *Id.* at 3.

### A.  Defendant Martinez' Deposition

A party may invoke the Fifth Amendment privilege against self-incrimination in testimonial proceedings, whether criminal or civil, including pretrial discovery in civil cases. *See Maness v. Meyers*, 419 U.S. 449, 464 (1975). "It is, however, entirely inappropriate for the privilege [of self-incrimination] to be asserted as a general matter in bar of all discovery or in bar of discovery by a particular method, as, for example, by a motion seeking to vacate a deposition notice." *Gatoil, Inc. Forest Hill State Bank*, 104 F.R.D. 580, 581 (D. Md. 1985); *see also SEC v.*

3

*Thomas*, 116 F.R.D. 230, 234, n.7 (D. Utah 1987) (explaining that the proper procedure is for the deponent to attend the deposition and answer any questions he or she can, and invoke the privilege only when his or her answers to questions tend to incriminate him or her). It is also improper for the deponent's attorney to instruct the deponent not to answer each and every question. *See* Fed. R. Civ. P. 30(c)(2). Counsel may properly instruct a deponent not to answer only when necessary to: (1) preserve a privilege; (2) enforce a limitation ordered by the court; or (3) terminate the deposition for purposes of obtaining a protective order. *Id.*; *see also Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995). Thus, with respect to depositions, the proper method to assert a Fifth Amendment privilege is for the deponent to appear at the deposition, truthfully answer those questions that do not implicate a privilege, and assert the privilege in response to specific questions as warranted. *See General Dynamics v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). Should it be necessary, the Court may then review the record to decide whether the question posed called for privileged information and if the privilege was properly asserted as to each specific question.

First, the Court rejects Plaintiff's contention that Defendant Martinez has waived his Fifth Amendment privilege because he spoke about the facts at issue with his supervisor and gave an unsworn statement to a detective. *See* [*Doc. 80* at 3-4]. An individual may lose the right to claim the Fifth Amendment privilege in three ways: (1) if an individual fails to assert it in a timely fashion; (2) if the Government gives the individual immunity so he is protected from the use of his answers and evidence derived from those answers in a subsequent criminal case in which he is a defendant; or (3) if, in a single proceeding, he voluntarily testifies about a subject and then invokes

4

the privilege when asked to disclose the details. *See United States v. Rivas-Macias*, 537 F.3d 1271, 1280 (10th Cir. 2008). Here, Defendant Martinez asserted his Fifth Amendment privilege in a timely fashion, prior to his deposition and his responses to written discovery requests. In addition, Plaintiff does not allege that the Government has given Defendant Martinez immunity, or that Defendant Martinez has, in a single proceeding, voluntarily testified about a subject and then invoked the privilege when asked to disclose the details. *See id.* ("A witness' testimonial waiver of the privilege is only effective, however, if it occurs in the *same proceeding* in which a party desires to compel the witness to testify.") (citation omitted); *see also United States v. James*, 609 F.2d 36, 45 (2d Cir. 1979) (explaining that an individual "had not waived his privilege by making his previous statements to the FBI and the grand jury [because] [a] waiver of the privilege in one proceeding does not affect a witness' rights in another proceeding") (citations omitted).

Even though Defendant Martinez has not waived his Fifth Amendment privilege, the Court finds that his counsel improperly instructed him to not answer any questions at his deposition. While Defendant Martinez appeared for his deposition, the only question it appears he was willing to answer was as to his name. *See* [*Doc. 80* at 9-10]. He would not answer whether he had his deposition taken before, what is his date of birth, where he lives, etc… This failure to truthfully answer those questions that do not implicate a privilege is in violation of Fed. R. Civ. P. 30(c)(2). Therefore, the Court will grant Plaintiff's motion to compel as to Defendant Martinez' deposition, and will order Defendant Martinez to appear for a second deposition and answer questions that are not privileged. To the extent Defendant Martinez invokes the Fifth Amendment privilege with

5

regard to certain questions, the Court cautions him that he must do more than just claim there is a risk of self-incrimination, and that there must be a real risk of incrimination. *See Rivas-Macias*, 537 F.3d at 1277. If Defendant Martinez invokes the Fifth Amendment at his second deposition, Plaintiff may then file a motion to compel with citation to those questions and answers to which she believes Defendant Martinez improperly invoked the privilege. The Court will then review the record and may order Defendant Martinez to provide an *in camera* response to the motion with a detailed explanation as to how the particular questions would tend to incriminate him. However, the Court cautions Defendant Martinez that the refusal to answer questions that do not seek privileged information risks court sanctions and contempt.

In addition, because Defendant Martinez' counsel failed to comply with the Federal Rules of Civil Procedure by instructing Defendant Martinez to not answer any question -- even those that would not implicate his Fifth Amendment rights -- the Court will further order that counsel for Defendant Martinez pay Plaintiff's reasonable expenses incurred for having to re-take Defendant Martinez' deposition. *See* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction -- including the reasonable expenses and attorney's fees incurred by any party -- on a person who impedes, delays, or frustrates the fair examination of the deponent."). These expenses may not be charged to Defendant Martinez. The Court, however, finds that an adverse inference as a sanction based on Defendant's improper use of the Fifth Amendment privilege at his deposition would be premature at this point.

### B.   Defendant Martinez' Discovery Responses

The Court finds that Plaintiff's motion to compel is untimely with regard to Defendant Martinez' discovery responses.  Local Rule 26.6 states that a party served with objections to discovery requests must file a motion to compel "within twenty-one (21) days of service of an objection unless the response specifies that documents will be produced or inspection allowed.  In this case, the party must [file a motion to compel] within twenty-one (21) days after production or inspection of the documents."  D.N.M. LR-Civ. 26.6.  Further, Local Rule 26.6 states that "[f]or good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period."  *Id.*   The parties state that Defendant Martinez served his objections to Plaintiff's discovery requests on April 28, 2014.  *See* [*Doc. 84* at 2] and [*Doc. 85* at 3].  Because Defendant Martinez did not state in his objections that he would be providing any further information (*see Doc. 80* at 11-27), Plaintiff's deadline to proceed with a motion to compel with regard to these discovery requests was May 19, 2014.  *See* D.N.M. LR-Civ. 26.6.  However, Plaintiff's motion was filed on May 30, 2014, which was eleven days past the 21-day deadline.

Plaintiff states that she filed her motion to compel after the 21-day deadline because the Scheduling Order in this case set the deadline for discovery motions for May 30, 2014.  [*Doc. 85* at 3] (citing *Doc. 56*).  However, as Plaintiff acknowledges, the Scheduling Order clearly states that the discovery motions deadline "shall not be construed to extend the twenty-one (21) day time limit in D.N.M. LR-Civ. 26.6."  [*Doc.* 56 at 1].  Plaintiff further states that she filed her motion to compel outside the 21-day deadline to seek relief regarding both Defendant Martinez' discovery responses and his deposition answers.  [*Doc. 85* at 3].  The Court does not find that this

7

establishes good cause to extend the 21-day deadline because Defendant Martinez' deposition was taken on April 29, 2014, so it would not have been difficult to meet the May 19, 2014 deadline to file a motion to compel with regard both Defendant Martinez' discovery responses and his deposition answers. The Court, therefore, finds that Plaintiff has failed to make a showing of good cause to extend the 21-day deadline under Local Rule 26.6. Absent this showing, Local Rule 26.6 is clear that the 21-day time period in which to file a motion to compel began on the date Defendant responded to Plaintiff's discovery requests. For this reason, the Court will deny Plaintiff's motion to compel responses to her discovery requests.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Plaintiff's Motion to Compel Testimony and Discovery Responses From Defendant Robert Martinez (Doc. 80)* is **GRANTED in part**, and Plaintiff may re-take Defendant Martinez' deposition **within twenty-one (21) days of entry of this Order**.

**IT IS FURTHER ORDERED** that Plaintiff's motion is **DENIED in part** with regard to Plaintiff's requests for interrogatories and production of documents, and for an adverse inference instruction.

**IT IS FURTHER ORDERED** that Defendant Martinez shall pay Plaintiff's reasonable expenses incurred by having to re-take Defendant Martinez' deposition.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**